UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                      Criminal No. 19-CR-20225

vs.                                               HON. BERNARD A. FRIEDMAN

ZEUS L. PATILLO,

    Defendant.

_____/

## OPINION AND ORDER DENYING
## DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

This matter is presently before the Court on defendant's motion for compassionate release [docket entry 24]. The government has filed a response in opposition and defendant has filed his reply. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall deny the motion.

Defendant, a 41 year-old male currently confined at FCI-Elkton in Lisbon, Ohio, seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)[1] because he has heart disease, as

---

[1] Section 3582(c) states in relevant part:

> Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of

manifested through hypertension and hyperthyroidism, and borderline diabetes. Def.'s Mot. at 2. Due to these health conditions, petitioner fears for his health if he were to contract the coronavirus. *Id*. Defendant also points to the COVID-19 rates at FCI-Elkton in May and April of this year and the impact the pandemic has had on defendant's experience at FCI-Elkton in particular. *Id*. at 2-3. The government opposes the motion on the grounds that defendant's medical conditions do not place him at a significantly greater risk of experiencing complications were he to be infected by the coronavirus, and that he does not meet the other requirements for compassionate release.

This Court has summarized the legal standards applicable to this motion as follows:

> The compassionate release statute allows the Court to modify a defendant's term of imprisonment if: (1) he fully exhausts all administrative remedies; (2) he shows both "extraordinary and compelling reasons warrant such a reduction [or release]" and that the reduction or release is consistent with" the Sentencing Commission's policy statements; (3) he is not a danger to any other person or the community; and (4) the factors in 18 U.S.C. § 3553(a) support the reduction or release to the extent they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A)(i); United States Sentencing Guidelines Manual ("USSG") § 1B1.13 cmt. n.1; *United States v. Austin*, No. 15-20609, 2020 WL 2507622, at *1 (E.D. Mich. May 15, 2020).

\* \* \*

---

probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i)  extraordinary and compelling reasons warrant such a reduction . . . .

> Section 1B1.13 of the Sentencing Guidelines is the "applicable policy statement" with which the Court must comply when considering a request for compassionate release. Section 1B1.13 explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of the following four categories of "extraordinary and compelling reasons": (1) the defendant's medical condition; (2) the defendant's age; (3) the defendant's family circumstances; and (4) other reasons as determined by the BOP. USSG § 1B1.13 cmt. n.1; *Austin*, 2020 WL 2507622, at *1.

*United States v. Wingo*, No. 15-20450, 2020 WL 4676388, at *1-2 (E.D. Mich. Aug. 12, 2020).

The Court has considered these factors and concludes that compassionate release would not be appropriate in this case. First, the Court is not convinced that defendant's medical conditions, combined with his status as a prison inmate, place his health and safety at such great risk to constitute extraordinary and compelling reasons for release. While the Centers for Disease Control and Prevention indicates that people with hypertension might be at risk of severe illness from COVID-19, neither hyperthyroidism nor borderline diabetes are identified as health conditions which exacerbate the effects of, or make a person more vulnerable to, COVID-19. Furthermore, defendant has not shown that the risk of infection at FCI-Elkton is unacceptably high. The Bureau of Prisons ("BOP") currently reports that no inmates at that facility are infected. *See* https://www.bop.gov/coronavirus (last visited Oct. 29, 2020).

In its response brief, the government notes that the BOP has taken significant steps to minimize the spread of the virus at all BOP facilities and that it has reduced the prison population by granting home confinement to over 3,545 inmates nationwide – a number that has more than doubled since the government filed its response. *See* https://www.bop.gov/coronavirus/faq.jsp (last visited Oct. 29, 2020). The Sixth Circuit has acknowledged these efforts. *See Wilson v. Williams*, 961 F.3d 829, 841 (6th Cir. 2020).

3

Defendant has not shown that FCI-Elkton's efforts to control the spread of the virus are inadequate or that treatment is unavailable in the event he should become ill.

This Court has stated that "[a] generalized risk of contracting COVID-19, or potentially developing the more severe symptoms associated with it, are not the type of 'extraordinary and compelling reasons' that justify compassionate release." *United States v. Gordon*, No. CR 11-20752, 2020 WL 4381948, at *4 (E.D. Mich. July 31, 2020). *See also United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. Apr. 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility, . . . whether Defendant will contract COVID-19, and whether he will develop serious complications does not justify the extreme remedy of compassionate release.").

Furthermore, the Sixth Circuit has "repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief." *United States v. Ruffin*, __ F.3d__, 2020 WL 6268582, at *12 (6th Cir. Oct. 21, 2020). In the present case, even assuming plaintiff has shown that the pandemic and his medical conditions constitute extraordinary and compelling circumstances under § 3582(c)(1)(A)(i), the Court finds that compassionate release would be inappropriate. The Court sentenced defendant on January 14, 2020 to a 12-month prison term, pursuant to a Rule 11 Plea Agreement wherein defendant pled guilty to one count of possession of a firearm by a prohibited person.[2] The defendant's sentencing guideline range was 30-37 months. The defendant began

---

[2] The factual basis for defendant's guilty plea is set forth in the plea agreement at paragraph 1C as follows:

On March 21, 2019, in the Eastern District of Michigan, two Detroit Police officers drove past Defendant Zeus L. Patillo's

4

serving his sentence on March 4, 2020, and, with credit for good behavior, the government indicates he could be released as early as December 25, 2020. A further reduction in defendant's already lenient sentence would undermine the sentencing goals of punishment and promoting respect for the law. *See United States v. Kincaid*, 805 F. App'x 394, 395 (6th Cir. 2020). Accordingly,

IT IS ORDERED that defendant's motion for compassionate release is denied.

                              s/Bernard A. Friedman
                              BERNARD A. FRIEDMAN
Dated: November 3, 2020     SENIOR UNITED STATES DISTRICT JUDGE
Detroit, Michigan

---

parked car and saw that a passenger in the rear seat was drinking an alcoholic beverage. The officers approached the car and began speaking to the occupants. The officers could see two open containers of alcohol in the car, including one on the floor by the front passenger seat. The officers told the defendant, who was in the driver's seat, to step out of the vehicle. As he was getting out of the car, one of the officers searched the defendant's pocket and found a Taurus G2C, 9 mm pistol. This Taurus pistol was manufactured outside of the State of Michigan and traveled in interstate or foreign commerce prior to Defendant's possession of it. Defendant has at least one prior felony conviction punishable by imprisonment of more than one year, and the Defendant knew that he had been convicted of such an offense.